```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LORETTA M. SHAPIRO,                 :
                                    :
                 Plaintiff,         :
                                    :
        - against -                 :    08 CV 6538(CM)(DCF)
                                    :
NEW YORK UNIVERSITY, NEW YORK       :    ANSWER
UNIVERSITY SCHOOL OF MEDICINE, NEW  :
YORK UNIVERSITY SCHOOL OF MEDICINE  :
DEFINED BENEFIT RETIREMENT PLAN,    :
NEW YORK UNIVERSITY MEDICAL CENTER  :
AND NYU HOSPITALS CENTER            :
                                    :
                 Defendants.        :
------------------------------------X
```

Defendants, NEW YORK UNIVERSITY ("NYU"), NEW YORK UNIVERSITY SCHOOL OF MEDICINE ("NYUSOM"), NEW YORK UNIVERSITY SCHOOL OF MEDICINE DEFINED BENEFIT RETIREMENT PLAN ("Plan"), NEW YORK UNIVERSITY MEDICAL CENTER ("Medical Center") AND NYU HOSPITALS CENTER ("Hospitals Center"), answer the complaint of Loretta M. Shapiro as follows:

1. Neither admit nor deny the allegations in paragraph 1 of the Complaint and respectfully refer the Court to the statutes cited therein to determine their applicability.

2. Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint.

3. Admit the allegations in paragraph 3 of the Complaint.

4. Deny the allegations in paragraph 4 of the Complaint, except admit that, to the extent any of the

alleged acts set forth in the Complaint occurred, they occurred within the Southern District of New York.

5. Admit the allegations in paragraph 5 of the Complaint.

6. Admit the allegations in paragraph 6 of the Complaint.

7. Admit the allegations in paragraph 7 of the Complaint.

8. Admit the allegations in paragraph 8 of the Complaint.

9. Deny the allegations in paragraph 9 of the Complaint, except admit that the Plan was one of several plans that together constituted the Health Services Retirement Plan (the "HSRP") and which withdrew from the HSRP effective January 1, 2002.

10. Admit the allegations in paragraph 10 of the Complaint.

11. Deny the allegations in paragraph 11 of the Complaint, except admit that at various times during plaintiff's employment with NYUSOM, NYUSOM was a component of the New York University Medical Center, the academic medical center located at 550 First Avenue, New York, New York 10016.

12. Deny the allegations in paragraph 12 of the Complaint, except admit that in 1998, NYU spun-off the hospital operations of the Medical Center as a New York not-for-profit corporation known as NYU Hospitals Center.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint, except admit that on or about October 8, 1982, plaintiff was hired by NYUSOM and was employed by NYUSOM and/or the Medical Center at various times until August 31, 2000, that her last title during that time was Billing Coordinator and that she was assigned to the Cardiac Catheterization department.

15. Admit the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint, except admit that during the latter part of her tenure, plaintiff received compensation consisting of, in part, a base salary and a bonus based upon collections made in her department.

17. Deny the allegations in paragraph 17 of the Complaint, except admit that the bonus paid to plaintiff was not dependent on the number of hours that plaintiff worked and was calculated by applying a mathematical

formula to the collections from billings for the services rendered by the Cardiac Catheterization department.

18. Admit the allegations in paragraph 18 of the Complaint and respectfully refer the Court to the Plan documents for a full and fair recitation of the provisions therein as may be applicable to the plaintiff, subject to interpretation by the Plan.

19. Admit the allegations in paragraph 19 of the Complaint and respectfully refer the Court to the Plan documents for a full and fair recitation of the provisions therein as may be applicable to the plaintiff, subject to interpretation by the Plan.

20. Admit the allegations in paragraph 20 of the Complaint and respectfully refer the Court to the Plan documents for a full and fair recitation of the provisions therein as may be applicable to the plaintiff, subject to interpretation by the Plan.

21. Deny knowledge and information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint, except admit that, on or about October 27, 2000, and again, on or about February 23, 2004, HSRP provided plaintiff estimates of her pension benefits with amounts

varying based upon the benefit option, payment option and commencement date plaintiff selected.

23. Deny the allegations set forth in paragraph 23 of the Complaint, except admit that the estimates of pension benefits referenced in paragraph 22 of the Complaint incorrectly included bonus payment amounts based upon collections in plaintiff's department.

24. Admit the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint, except admit that, on or about June 29, 2007, HSRP provided an estimate of pension benefits to plaintiff.

26. Deny the allegations in paragraph 26 of the Complaint, except admit that the estimates provided on or about June 29, 2007 were lower than those provided on or about October 27, 2000 and February 23, 2004.

27. Deny the allegations in paragraph 27 of the Complaint, except admit that the written estimates provided on or about June 29, 2007 had not been provided to plaintiff previous to that date.

28. Deny the allegations in paragraph 28 of the Complaint, except admit that the July 18, 2007 letter to plaintiff from HSRP stated, *inter alia*, that the prior estimations were based upon a different earnings report and

that "pensionable earnings are not the same as your W-2 tax statement and do not include overtime."

29. Deny the allegations in paragraph 29 of the Complaint, except admit that in 2007, HSRP and NYU incorrectly referred to plaintiff's non-pensionable bonus compensation, which was coded as "ADD COMP" in the payroll records, as overtime.

30. Deny the allegations in paragraph 30 of the Complaint, except admit that plaintiff, by her attorneys, sent a letter, dated August 21, 2007, requesting reconsideration and respectfully refer the Court to the letter for the basis of plaintiff's request.

31. Deny the allegations in paragraph 31 of the Complaint, except admit that by undated letter, the Plan denied plaintiff's request for reconsideration of inclusion of her non-pensionable benefits because additional compensation, coded as "ADD COMP" in the payroll system and on plaintiff's payroll stubs (a coding which included overtime and bonus compensation), was properly excluded from the pension calculations after verification, and further admit that the letter erroneously referred to plaintiff's bonus earnings as overtime.

32. Admit the allegations in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint, except admit that the appeal letter of January 15, 2008 and explanation were received by Ms. Sanchez.

37. Deny the allegations in paragraph 37 of the Complaint, except admit that, by letter dated April 10, 2008, Ms. Sanchez conveyed the Plan's decision to deny the appeal and reaffirmed its exclusion of plaintiff's bonus compensation from pension earnings for purposes of benefit computation.

38. Deny the allegations in paragraph 38 of the Complaint, except admit that the April 10, 2008 letter corrected the misstatement that the additional compensation, coded as "ADD COMP," was overtime rather than

bonus compensation, and the underlying basis for denial of benefits was, and has been, based upon the exclusion of the same non-pensionable compensation from benefits calculation.

39. Deny the allegations in paragraph 39 of the Complaint, except admit that plaintiff satisfied all conditions to receive the pension benefits that she has been, and continues to be, paid based upon pensionable compensation under the terms and provisions of the Plan.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint, except admit that NYU is administrator of the Plan.

45. Admit the allegations in paragraph 45 of the Complaint, except deny that plaintiff is entitled to damages.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

1. The Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

2. The Complaint must be dismissed because Defendants' decision complied with ERISA and was based upon the terms of the Plan, and the Plan's discretionary interpretation of those terms, and was not arbitrary, capricious or made in bad faith.

### THIRD DEFENSE

3. The Complaint must be dismissed because one or more named defendants are not proper parties to this action under ERISA.

September 2, 2008
New York, New York

_Daniel T. Driesen_
Daniel T. Driesen (DD 3201)
Associate General Counsel
NYU Medical Center
Attorney for Defendants

1 Park Avenue, Rm. 16044
New York, NY 10016
Daniel.Driesen@NYUMC.org
Tel: (212)404-4073
Fax: (212)404-4093

## AFFIDAVIT OF SERVICE

KESHA CRAWFORD, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in the Mercer County, Lawrenceville and State of New Jersey.

On September 2, 2008, deponent served the within Answer by Over Night Mail upon:

Joseph N. Salomon, Esq.
Schwartz & Salomon, P.C.
Counsel for Plaintiff
225 Broadway, Suite 4200
New York, NY 10007

by depositing a true copy of same enclosed in a post paid, properly addressed wrapper under the exclusive care and custody of a representative of the DHL Overnight Mail Service within the State of New York.

_____
Kesha Crawford

Sworn to before me
this 2 day of September, 2008

_____
Notary Public

DANIEL T. DRIESEN
Notary Public State of New York
No. 02DR6091375
Qualified in Westchester County
Commission Expires April 28, 20 __